IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOSE ORRACA,

                    Plaintiff,

          -v-                                    Civil Action No.
                                                 9:04-CV-1183 (DNH/DEP)

T. McCREERY, *et al.*,

                    Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

JOSE ORRACA, *Pro Se*

FOR DEFENDANTS:

HON. ELIOT SPITZER                    STEPHEN M. KERWIN, ESQ.
Attorney General of the State         Assistant Attorney General
of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, New York   12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff Jose Orraca, a New York state prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against seven individuals employed by the New York State Department of Correctional Services ("DOCS") at the prison facility in which he was incarcerated at the relevant times.  In his complaint, plaintiff alleges that the defendants took various actions against him in retaliation for having complained of the loss or destruction of legal documents and personal property.  Plaintiff's complaint names the seven defendants in both their individual and official capacities, and seeks recovery of compensatory and punitive damages.

In response to plaintiff's complaint, defendants have moved seeking dismissal of all or portions of plaintiff's claims on various bases including, *inter alia*, plaintiff's failure to exhaust available administrative remedies before commencing suit.  Based upon my review of plaintiff's complaint and defendants' moving papers, I recommend dismissal of plaintiff's damage claims against the defendants in their official capacities, and of his claim for compensatory damages for mental anguish and emotional distress based upon his failure to plead the existence of physical injury, but denial of the portions of defendants' motion seeking additional relief.

2

I.      BACKGROUND[1]

Plaintiff is a New York State prison inmate entrusted to the custody of the DOCS and, at the times relevant to his complaint, was confined within the Shawangunk Correctional Facility ("Shawangunk").  While at Shawangunk, plaintiff has complained to prison officials regarding the loss or destruction of legal transcripts and other court papers, as well as personal property, apparently including civilian clothes which were sent to him for use when appearing in United States District Court for the Western District of New York in connection with a civil action brought by him in that forum.[2]

After lodging complaints regarding the loss and destruction of property while at Shawangunk and pursuing grievances associated with those issues, plaintiff began experiencing recrimination.  In retaliation for voicing those complaints, plaintiff has been issued five drug-related

---

[1]      In light of the procedural posture of this case, the following facts are taken from plaintiff's complaint, which has been interpreted in a light most favorable to him, and with all inferences drawn and ambiguities resolved in his favor.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

[2]      An attachment to plaintiff's complaint reflects that he brought an action in the United States District Court for the Western District of New York, entitled *Orraca v. Cetti, et al.*, Civil Action No. 96-CV-6385 (W.D.N.Y., filed 1996).  According to publicly available records regarding that suit, that action concerned matters which occurred during the course of plaintiff's imprisonment in the Attica Correctional Facility.

misbehavior reports by defendants T. McCreary and M. Bertone,

beginning in October of 2003, resulting in Tier III disciplinary proceedings

against him.[3]  According to the plaintiff, defendants' actions have resulted

in periods of disciplinary keeplock and special housing unit ("SHU")

confinement for him, the requirement that he undergo drug counseling,

denial of his participation in a family reunion program, and the further

destruction of legal materials and corresponding denial of court access.

## II.   PROCEDURAL HISTORY

Plaintiff, who appears to be an experienced *pro se* litigant,

commenced this action on February 14, 2004.[4]  Dkt. No. 1.  Named as

---

[3]     The DOCS conducts three types of inmate disciplinary hearings.  Tier I hearings address the least serious infractions, and can result in minor punishments such as the loss of recreation privileges.  Tier II hearings involve more serious infractions, and can result in penalties which include confinement for a period of time in the Special Housing Unit (SHU).  Tier III hearings concern the most serious violations, and could result in unlimited SHU confinement and the loss of "good time" credits. *See Hynes v. Squillace*, 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S. Ct. 246 (1998).

[4]     A search of this court's records reflects the filing by plaintiff of six other lawsuits in this district, in addition to the instant action, arising from the terms of his confinement.  *See Orraca v. Pilatich*, Civil Action No. 9:05-CV-1305 (DNH/GHL) (N.D.N.Y., filed Oct. 14, 2005); *Orraca v. Lee*, 9:04-CV-1249 (DNH/DRH) (N.D.N.Y., filed Oct. 27, 2004); *Orraca v. Clark*, Civil Action No. 9:00-CV-766 (TJM/GJD) (N.D.N.Y., closed May 11, 2004); *Orraca v. Estabrook*, Civil Action No. 9:99-CV-1216 (NAM/GLS) (N.D.N.Y., closed Mar. 28, 2002); *Orraca v. Maloy*, Civil Action No. 9:96-CV-2000 (NAM/DEP) (N.D.N.Y., closed Mar. 22, 2001); *Orraca v. Walker*, Civil Action No. 6:98-CV-448 (LEK) (N.D.N.Y., closed March 29, 2000).  In addition, it appears that plaintiff has filed at least two suits in the Western District of New York, including *Orraca v. Cetti*, Civil Action No. 96-CV-6385 (DGL/JWF) (W.D.N.Y., filed 1996); and *Orraca v. Kelly*, Civil Action No. 1:95-CV-729 (WMS) (W.D.N.Y., filed 1995). Plaintiff's

4

defendants in plaintiff's complaint are seven DOCS workers employed at Shawangunk, including T. McCreary, a corrections officer; M. Bertone, a corrections sergeant; (first name unknown) Andrews, a hearing officer; T. Nasaveria, a property officer; (first name unknown) Wright, a corrections lieutenant; (first name unknown) Maly, Deputy Superintendent of Security at the facility; and C. Mayberry, a recreational officer.  Although somewhat ambiguous on this score, plaintiff's complaint appears to assert only a claim of unlawful retaliation against the various defendants.

In lieu of answering plaintiff's complaint, defendants have instead moved seeking its dismissal on a variety of grounds, arguing that 1) plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment; 2) plaintiff's complaint is subject to dismissal in its entirety based upon his failure to exhaust available administrative remedies; 3) plaintiff's complaint fails to allege the requisite personal involvement with regard to all or some of the defendants named; and 4)

---

responsive motion papers also disclose the existence of at least one action commenced by the plaintiff in the Southern District of New York, *Orraca v. Walker*, Civil Action No. 00-CV-5503 (LMM) (S.D.N.Y., filed 2000).  *See* Orraca Decl. (Dkt. No. 32) at 3.  All of the foregoing matters appear to have involved claims associated with his DOCS confinement.  Notwithstanding the commencement of these actions, when asked in the form complaint which he filed with the court in this action whether he had commenced other lawsuits in state or federal court relating to his imprisonment, plaintiff responded that he had not.  *See* Complaint (Dkt. No. 1) § I(a).

plaintiff's compensatory damages cause of action is subject to dismissal

under 42 U.S.C. § 1997e(e), in light of his failure to allege that he suffered

physical injury as a result of defendants' actions.  Dkt. No. 21.  Plaintiff

has since submitted both a declaration and exhibits (Dkt. No. 32) in

opposition to defendants' motion, which is now ripe for determination and

has been referred to me for the issuance of a report and recommendation,

pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York

Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.  <u>DISCUSSION</u>

     A.  <u>Dismissal Motion Standard</u>

     A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, calls upon a court to gauge the

facial sufficiency of that pleading, applying a standard which is neither

controversial nor rigorous in its requirements.  Under that provision, a

court may not dismiss a complaint unless "it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would

entitle him [or her] to relief."  *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir.

2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct.

99, 102 (1957)).  In deciding a Rule 12(b)(6) dismissal motion, the court

must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper*, 378 U.S. at 546, 84 S. Ct. at 1734; *Miller v. Wolpoff & Abramson, LLP.* 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp.2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The court's determination as to the sufficiency of a complaint must take into consideration the fact that the governing rules require only that the defendant be afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S. Ct. at 103; *see Phillips v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005).

When assessing the sufficiency of a complaint against this backdrop, particular deference must be afforded to a *pro se* litigant; a court must generously construe a *pro se* plaintiff's complaint when determining whether it states a cognizable cause of action. *Davis*, 320 F.3d at 350 (citation omitted). A complaint drafted by an uncounselled plaintiff should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (citation omitted). In the event of a perceived deficiency in

7

a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim could potentially be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

    B.    <u>Eleventh Amendment</u>

In his description of the parties to this action, plaintiff identifies the seven DOCS employees named as defendants and states that "[e]ach defendant is being sued in their [sic] individual and official capacity." Complaint (Dkt. No. 1) at 3 (unnumbered).  Plaintiff's prayer for relief reiterates his intention to recover damages against the defendants both individually and in their official capacities, stating that he requests the entry of judgment

> [i]n favor of plaintiff for actual compensatory and consequential damages in the amount of $350,000.00 (<u>three hundred and fifty thousand dollars</u>), three hundred and fifty thousand dollars in punitive damages against defendants <u>T. McCreery, M. Bertone, and T. Nagaveria</u> [sic] in their individual and official acting capacity [sic].

*Id.* at 7 (emphasis in original).  Defendants assert that plaintiff's damage claims against them in their official capacities are barred by the Eleventh

Amendment.

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978). This absolute immunity which states enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities, when the essence of the claim involved is one against a state as the real party in interest. *Richards v. State of New York Appellate Division, Second Department*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Pugh* and *Cory v. White*, 457 U.S. 85, 89-91 102 S. Ct. 2325, 2328-29 (1982)). "To the extent that a state official is sued for damages in his official capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."[5] *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3105 (1985).

Plaintiff's complaint in this action seeks only money damages,

---

[5] By contrast, the Eleventh Amendment does not establish a barrier against suits seeking to impose individual or personal liability on state officials under section 1983. *See Hafer*, 502 U.S. at 30-31, 112 S. Ct. at 364-65.

without additionally requesting equitable relief.[6]  Since plaintiff's damage

claims against the defendants in their official capacities are plainly barred

by the Eleventh Amendment, I recommend their dismissal.

    C.    <u>Exhaustion of Remedies</u>

Responding to questions set forth in his form complaint, the plaintiff

answered both "yes" and "no" to inquiries regarding both the existence of

a grievance procedure at Shawangunk and the filing of grievances related

to the matters set forth in his complaint.  Complaint (Dkt. No. 1) at 4.

When asked to describe the steps taken to present grievances relating to

the matters in suit, plaintiff answered that "[g]rievance does not provide

relief that I am seeking."  *Id.*  Responding to an inquiry regarding the result

of his grievance filings, plaintiff stated that

> [a]llegations of employee harassment/
> discrimination are of particular concern to the
> administrators of department facilities.  Prison
> Directive 4040 (VII) after exercising initial
> obligations (reported the incidents to supervisors
> first) after being again threaten [sic] plaintiff was
> discouraged to process with this complaint any
> further with the facility out of fear for his safety.

---

[6]    The Eleventh Amendment does not preclude maintenance of an action against a governmental employee in his or her official capacity seeking only equitable relief.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 (1989).

*Id.* Citing the equivocal nature of this response, defendants argue that plaintiff's complaint fails to reflect compliance with the requirement that he exhaust available administrative remedies before commencing suit.

The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), altered the inmate litigation landscape considerably, imposing several restrictions on the ability of prisoners to maintain federal civil rights actions.  One such restriction introduced by the PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

New York prison inmates are subject to an Inmate Grievance Program established by the DOCS, and recognized as an "available" remedy for purposes of the PLRA.  *See Mingues v. Nelson*, No. 96 CV

11

5396, 2004 WL 324898, at *4 (S.D.N.Y. Feb. 20, 2004) (citing *Mojias v. Johnson*, 351 F.3d 606 (2003) and *Snider v. Melindez*, 199 F.3d 108, 112-13 (2d Cir.1999)).  The New York Inmate Grievance Program consists of a three-step review process.  First, a written grievance is submitted to the Inmate Grievance Review Committee ("IGRC") within fourteen days of the incident.[7]  7 N.Y.C.R.R. § 701.7(a).  The IGRC, which is comprised of inmates and facility employees, then issues a determination regarding the grievance.  7 N.Y.C.R.R. § 701.7(a).  If an appeal is filed, the superintendent of the facility next reviews the IGRC's determination and issues a decision.  *Id.* § 701.7(b).  The third level of the process affords the inmate the right to appeal the superintendent's ruling to the Central Office Review Committee ("CORC"), which makes the final administrative decision.  *Id.* § 701.7(c).  Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to section 1983 in federal court.  *Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) (citing, *inter alia*, *Sulton v. Greiner*, No. 00 Civ. 0727, 2000 WL 1809284, at *3 (S.D.N.Y. Dec. 11, 2000)).

---

[7]     The Inmate Grievance Program supervisor may waive the timeliness of the grievance submission due to "mitigating circumstances."  7 N.Y.C.R.R. § 701.7(a)(1).

In their motion, defendants interpret plaintiff's responses to the form complaint's grievance inquiries as a concession that he did not avail himself of the Inmate Grievance Program with regard to the claims now raised.  See Defendants' Memorandum (Dkt. No. 21) at 8.  Interpreted in a light most favorable to him, however, plaintiff's complaint could be construed as avowing both that he did file grievances, where appropriate, and that in certain instances he was discouraged by prison officials from pursuing matters through the grievance process.  Since the exertion of threats and intimidation by prison officials in an effort to dissuade a prisoner from pursuing claims through the grievance process can, under appropriate circumstances, provide a basis for excusing the PLRA's exhaustion requirement, *Hemphill v. State of New York*, 380 F.3d 680, 683-84, 688 (2d Cir. 2004), I am unable to conclude as a matter of law, based upon plaintiff's complaint, that his claims are subject to dismissal for failure to exhaust.[8]

---

[8]     Among the materials submitted by the plaintiff in opposition to defendants' motion are documents reflecting the filing by him of several grievances, many of which addressed the matters at issue in this suit, and some of which were pursued by him to the CORC.  *See, e.g.*, Orraca Decl. (Dkt. No. 32) at 9, 29, 43, 45, 47-49.  While as a technical matter the court may not directly consider these documents in connection with defendants' dismissal motion without converting it to a summary judgment application, in light of plaintiff's *pro se* status I will read plaintiff's opposition papers in conjunction with his complaint in order to assess the sufficiency of evidence as to plaintiff's efforts to exhaust his administrative remedies.  *Massey v.*

Because plaintiff's complaint, construed in a light most favorable to him and with all ambiguities resolved in his favor, does not firmly establish that plaintiff failed to satisfy his administrative exhaustion requirement under the PLRA before commencing this action, I recommend denial of defendants' motion to dismiss plaintiff's complaint for failure to exhaust available administrative remedies.

### D.   Personal Involvement

In their motion, defendants also attack the sufficiency of plaintiff's allegations regarding their personal involvement in the constitutional deprivations alleged.

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)).  In order to prevail on a section 1983 cause of action

---

*Fisher*, No. 02CIV10281, 2004 WL 1908220, at *3 (S.D.N.Y. Aug. 26, 2004); *Negron v. Macomber*, No. 95 Civ. 4151, 1999 WL 608777, at *5 (S.D.N.Y. Aug. 11, 1999); *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987); *Tsai v. The Rockefeller Univ.*, 137 F. Supp.2d 276, 280 (S.D.N.Y. 2001); *Donahue v. United States Dep't of Justice*, 751 F. Supp. 45, 49 (S.D.N.Y. 1990)

14

against an individual, a plaintiff must show some tangible connection

between the constitutional violation alleged and that particular defendant.

*See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

A supervisor cannot be liable for damages under section 1983 solely

by virtue of being a supervisor – there is no *respondeat superior* liability

under section 1983.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir.

2003); *Wright*, 21 F.3d at 501.  A supervisory official can, however, be

liable in one of several ways: 1) the supervisor may have directly

participated in the challenged conduct; 2) the supervisor, after learning of

the violation through a report or appeal, may have failed to remedy the

wrong; 3) the supervisor may have created or allowed to continue a policy

or custom under which unconstitutional practices occurred; 4) the

supervisor may have been grossly negligent in managing the subordinates

who caused the unlawful event; or 5) the supervisor may have failed to act

on information indicating that unconstitutional acts were occurring.

*Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*,

781 F.2d 319, 323-24 (2d Cir. 1986).

Defendants' motion apparently concedes the sufficiency of plaintiff's

allegations regarding the conduct of defendants McCreery and Bertone,

15

particularly in filing false misbehavior reports allegedly in retaliation for Orraca having engaged in protected activity.  Defendants' Memorandum (Dkt. No. 21) at 1.  Defendants do, however, challenge the sufficiency of plaintiff's allegations of personal involvement on the part of the remaining defendants.

In his complaint, Orraca alleges that defendants Andrews, Nasaveria, Wright and Mayberry "are either part of the writing of misbehavior reports or conducted the hearings of the violations [sic] or were aware of the harassment and discrimination against the plaintiff and did nothing to stop the violations."  Complaint (Dkt. No. 1) at 3.  While these allegations are both conclusory and skeletal, they reveal a potential basis for finding their personal involvement in the violations alleged in plaintiff's complaint.  *See Richardson*, 347 F.3d at 435.

The allegations against the remaining defendant, Deputy Superintendent Maly, stand on different footing.  A thorough search of plaintiff's complaint and the attached documents fails to disclose any basis on which to conclude that defendant Maly was personally involved in any of the retaliatory conduct alleged to a sufficient degree to support a finding of liability on his part.  Accordingly, I recommend dismissal of

16

plaintiff's claims as against defendant Maly, with leave to replead.  *See*

*Hucks v. Artuz*, No. 99 Civ. 10420, 2001 WL 210238, at *5 (S.D.N.Y. Feb.

27, 2001) (no personal involvement when defendant named in caption but

not described in body of complaint); *Dove v. Fordham Univ.*, 56 F.

Supp.2d 330, 335 (S.D.N.Y. 1999) (same); *Brown v. Costello*, 905 F.

Supp. 65, 77 (N.D.N.Y. 1995) (same)

     E.    <u>42 U.S.C. § 1997e(e)</u>

     In their next and final point, defendants argue that plaintiff's failure to

allege he suffered physical injury as a result of the acts complained of is

fatal to his claims altogether, and should result in his dismissal of his

complaint.  Plaintiff opposes the granting of that relief.

     Section 1997e(e), a provision added by the Prison Litigation Reform

Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996),

provides in relevant part that

> [n]o Federal civil action may be brought by a
> prisoner confined in a jail, prison, or other
> correctional facility, for mental or emotional injury
> suffered while in custody without a prior showing of
> physical injury.

42 U.S.C. § 1997e(e).  Section 1997e(e) includes within its purview

alleged constitutional violations.  *Thompson v. Carter*, 284 F.3d 411, 417-

18 (2d Cir. 2002); *Petty v. Goord*, No. 00 Civ.803, 2002 WL 31458240, at

*8-*9 (S.D.N.Y. Nov. 4, 2002).  Claims brought by inmates pursuant to

section 1983 for emotional damages unrelated to any physical injury

should be dismissed.  *Shariff v. Coombe*, No. 96 Civ. 3001, 2002 WL

1392164, at *4 (S.D.N.Y. June 26, 2002).  The absence of physical injury

does not totally bar claims by inmates under section 1983, however, since

section 1997e(e) does not preclude claims for nominal damages, punitive

damages, or declaratory or injunctive relief.  *Id.*, at *5 (citation omitted).

A thorough search of plaintiff's complaint fails to reveal any

indication that he has suffered physical injury as a result of the retaliatory

acts of which he complains.  The lack of such an allegation is fatal to

Orraca's quest for recovery for compensatory damages for mental

anguish and emotional distress, in light of the preclusive effect of 42

U.S.C. § 1997e(e).  As plaintiff correctly argues, however, that section

does not require dismissal of his complaint, as now sought by the

defendants; instead, plaintiff should be afforded the opportunity to pursue

his claims and seek recovery of other forms of appropriate relief, including

nominal damages, which are potentially recoverable despite operation of

section 1997e(e).[9]  *See Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002).  I therefore recommend that this portion of defendants' motion be granted only to the extend of dismissing plaintiff's claim for compensatory damages for mental anguish and emotional distress.

IV.   SUMMARY AND RECOMMENDATION

Having reviewed the four corners of plaintiff's complaint and interpreted its allegations liberally, and in a manner most favorable to him, I find that it adequately pleads a basis for finding personal involvement on the part of all of the defendants, with the exception of Deputy Superintendent for Security Maly, in the constitutional violations alleged. As to defendant Maly, since his involvement in the violations alleged is not readily apparent, Orraca's claims against him should be dismissed, with leave to replead.

At this early juncture, and based upon the scant record now before the court, I am unable to conclude that plaintiff either did not pursue available administrative remedies with regard to the matters complained of

---

[9]     I note that plaintiff may well be found entitled to recover compensatory damages for the loss of any property allegedly taken or destroyed in retaliation for his having engaged in protected activity.  Such a recovery would not be precluded by 42 U.S.C. § 1997e(e) based upon plaintiff's failure to plead and prove the existence of physical injury.  *See, e.g.*, *Lipton v. County of Orange, New York*, 315 F.Supp.2d 434, 457-58 (S.D.N.Y. 2004).

or cannot establish a basis for being excused from that requirement.  I therefore recommend denial of the portion of defendants' motion seeking dismissal of his complaint for failure to exhaust administrative remedies.

Turning to the legal sufficiency of plaintiff's damage claims, I find that to the extent he has named the defendants in their official capacities, such claims are barred by the Eleventh Amendment.  Additionally, I find that plaintiff's claims for recovery of compensatory damages for mental anguish and emotional distress are subject to dismissal under 42 U.S.C. § 1997e(e), in light of his failure to plead the existence of physical injury resulting from the constitutional violations alleged.

Based upon the foregoing it is hereby

RECOMMENDED that defendants' motion be GRANTED, in part, and plaintiff's claims against them in their official capacities for damages be DISMISSED, based upon the Eleventh Amendment; that plaintiff's claims against defendant Maly be DISMISSED, with leave to replead, based upon the lack of his personal involvement in the deprivations alleged; and that plaintiff's claim for compensatory damages for mental anguish and emotional distress be DISMISSED; but that defendants' motion be DENIED in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:     February 14, 2006
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\personal involvement\Orraca.wpd

21